IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES E. SYKES | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-88 |
| CECILIA C. OKOYE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff James E. Sykes, an inmate previously confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Cecilia C. Okoye.[1]

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff filed this civil rights action while he was incarcerated. Plaintiff was subsequently released from prison, although he failed to notify the court of his release or update his address.

Since Plaintiff is no longer incarcerated, his ability to proceed *in forma pauperis* is now governed by 28 U.S.C. § 1915(a)(1). On June 15, 2022, Plaintiff was ordered to submit a current application to proceed *in forma pauperis* or pay the $400 filing fee within twenty days of the date of the order. The clerk of court sent a copy of the order to Plaintiff at his most recent address, which was provided by Defendant. On July 18, 2022, the order was returned to the court as unclaimed.

---

[1] Plaintiff identified additional defendants, but they have either been dismissed from this action, or the magistrate judge has recommended that they be dismissed.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).

Plaintiff has failed to prosecute this case diligently because he has not paid the filing fee or shown good cause for his failure to comply with the order. In addition, Plaintiff has not contacted the court to change his address or claimed the mail sent to him by certified mail at the most recent address known to Defendant. Accordingly, this action should be dismissed without prejudice for want of prosecution.

## Recommendation

This civil rights action should be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). The clerk of court is directed to send Plaintiff a copy of this Report and Recommendation at the address provided by Defendant in Exhibit A to Defendant's Notice (document no. 124).

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 4th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge